FILED
SUPERIOR COURT
OF GUAM
2018 MAR 30 PM 3: 54
CLERK OF COURT
BY:

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| DELLE SWEGLER NADLER, MOANA SWEGLER LUKA, and MARK SWEGLER, derivatively on behalf of FADIAN DEVELOPMENT INC.<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>MYUNG MOK BAE, B&K DEVELOPMENT, LLC., KEIZA RYU BAE, AND DOES 1-10<br><br>Defendants-Appellees,<br><br>and<br><br>FADIAN DEVELOPMENT, INC. | Superior Court Case No. CV0452-16<br>(Supreme Court Case No. CVA17-024)<br><br><br><br><br><br><br><br>**DECISION AND ORDER ON PLAINTIFFS-APPELLEES MOTION FOR ORDER REQUIRING APPELLANT, MARIANA STONES CORPORATION TO ORDER ADDITIONAL TRANSCRIPTS** |
| MARIANA STONES CORPORATION,<br><br>Plaintiff-Intervenor Appellant,<br><br>v.<br><br>FADIAN DEVELOPMENT, INC., B&K DEVELOPMENT, LLC, and MYUNG MOK BAE,<br><br>Defendants-Appellees. | |

ORIGINAL

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on January 23, 2018, upon Plaintiffs-Appellees' Motion for Order Requiring Appellant to Order Additional Transcripts filed on December 7, 2017 ("Motion"). Plaintiffs-Appellees Delle Swegler Nadler, Moana Swegler Luka, and the Estate of Swegler (collectively known as "the Sweglers"), are represented by Attorneys Joyce C.H. Tang and Leslie Travis. Plaintiff-Intervenor Appellant Mariana Stones Corporation ("MSC") is represented by Attorney Leevin T. Camacho. Attorney Georgette B. Conception represents Defendant-Appellee B&K Development, Inc. ("B&K"). Defendant-Appellee Fadian Development, Inc. ("Fadian") is represented by Attorney Anthony Perez. Having reviewed the pleadings and oral arguments in this matter, the Court GRANTS Plaintiffs-Appellees' Motion for Order Requiring Appellant to Order Additional Transcripts.

## BACKGROUND

This dispute arises from a shareholder derivative action filed by the Sweglers against Fadian for the execution of a quitclaim deed transferring and conveying thirty-three parcels of real property to B&K. Prior to executing the quitclaim deed, Fadian entered into a five-year contract with MSC for the clearing, leveling, and grading of land owned by Fadian. Thereafter, Fadian assigned the contract with MSC, and all of its rights and obligations, to B&K.

On September 15, 2017, the Court issued a Decision and Order on MSC's Motion for Clarification of Preliminary Injunction and Alternatively, Opposition to Preliminary Injunction Against Mariana Stones Corporation and Request for Modification. In its Decision and Order, the Court found that the terms and conditions set by the Stipulation and Order Granting Preliminary Injunction signed by the Sweglers and B&K applies to and binds MSC, denied MSC's Request for Modification, and ordered MSC to stop all leveling, grading, and clearing activities on Tract 157 of the Fadian property.

On October 10, 2017, MSC filed a Notice of Appeal in Supreme Court Case No. CVA17-024, giving notice of its appeal of the Court's Decision and Order issued on September 15, 2017. On October 24, 2017, MSC filed a Request for Transcripts requesting the transcripts of the June 1, 2016, *Ex Parte* Hearing on Application for Temporary Restraining Order and

Order to Show Cause. Thereafter, on November 7, 2017, MSC filed its Statement of Issues in CVA17-024, requesting the Supreme Court to review the following:

1. Did the trial court err in issuing an injunction against MSC?

2. Did the trial court err in denying MSC's motion to dissolve the injunction against MSC?

3. Did the trial court err in denying MSC's request for a security bond?

See Declaration in Support of Motion for Order Requiring Appellant to Order Additional Transcripts, December 7, 2017.

On November 7, 2017, the Sweglers filed a Designation of Additional Transcripts to be ordered by Appellant ("Designation of Additional Transcripts"), designating MSC to order the following additional transcripts:

1. Order to Show Cause Hearing, April 4, 2017;

2. Order to Show Cause Hearing, April 25, 2017;

3. Order to Show Cause Hearing, May 19, 2017;

4. Order to Show Cause Hearing, June 22, 2017;

5. Hearing on MSC's Motion for Clarification of Preliminary Injunction and Alternatively Opposition to Preliminary Injunction Against Mariana Stones Corporation and Request for Modification, August 8, 2017; and

6. Continued Hearing on MSC's Motion for Clarification of Preliminary Injunction and Alternatively Opposition to Preliminary Injunction Against Mariana Stones Corporation and Request for Modification, August 9, 2017.

See Designation of Additional Transcripts to be Ordered by Appellant, November 7, 2017.

On December 7, 2017, having not received notice that MSC ordered the additional transcripts, the Sweglers filed the instant motion, requesting that the Court order MSC to order the additional transcripts requested in their Designation of Additional Transcripts. MSC filed its Opposition to the Sweglers' Motion on January 4, 2018. The Sweglers filed their Reply to MSC's Opposition on January 18, 2018.

On January 23, 2018, a hearing was held on the Sweglers' Motion for Order Requiring Appellant to Order Additional Transcripts. The parties' submitted on their briefs and the Court took this matter under advisement.

## DISCUSSION

The Guam Rules of Appellate Procedures provides that "[u]nless the entire transcript is ordered . . . if the Appellee considers it necessary to have a transcript or other parts of the proceedings, the Appellee must, within ten (10) days after the service of the order or certificate and the statement of issues, file and serve on the Appellant a designation of additional parts to be ordered." GRAP 7(b)(3)(B). Further, the rule provides that if the Appellant does not order the additional transcripts requested by the Appellee within ten (10) days, the Appellee may within the following ten (10) days either "order the parts or move in the Superior Court for an order requiring the Appellant to do so." See GRAP 7(b)(3)(C).

Here, Plaintiff-Intervenor Appellant MSC filed its Request for Transcripts on October 24, 2017, requesting only the transcript of the June 1, 2016, *Ex Parte* Hearing on Application for Temporary Restraining Order and Order to Show Cause. On November 7, 2017, MSC filed its Statement of Issues in the Supreme Court of Guam. See Background, supra. In reviewing the issues raised by MSC regarding this Court's Decision and Order issued on September 15, 2017, it is imperative that the Supreme Court have a full record of all the relevant hearings the Superior Court has held on such issues and be given all the necessary evidence that this Court relied on in making its decision. See J.J. Moving Serv., Inc. v. Sanko Bussan (Guam) Co., Ltd., 1998 Guam 19 ¶ 10 ("the appellant must place into the record all evidence, good and bad, material to the point he wishes to raise and necessary for the determination of the issues presented on appeal."). Therefore, based on the partial transcript of the proceedings ordered by MSC and upon receiving MSC's Statement of Issues, the Sweglers timely filed and served their Designation of Additional Transcripts.

Pursuant to GRAP 7(b)(3)(c), having not received notice that MSC ordered the requested transcripts or that MSC intended to do so, the Sweglers timely filed their Motion for Order Requiring Appellant to Order Additional Transcripts. In their Motion, the Sweglers

request that the Court require MSC to order additional transcripts related to the four (4) hearings held on the Sweglers' Motion for Order to Show Cause regarding B&K's violation of the preliminary injunction, and the transcripts related to the two (2) hearings held on MSC's Motion for Clarification of Preliminary Injunction and Alternatively Opposition to Preliminary Injunction Against Mariana Stones Corporation and Request for Modification. The Order to Show Cause hearing began on April 4, 2017, was continued several times, and concluded on June 22, 2017. At each of the continued hearings, issues regarding MSC and B&K's relationship as well as the parties' understanding of MSC and B&K's agreement were raised. In addition, the Court incorporated and restated its June 22, 2017, order from the bench into its Decision and Order on appeal. See Delle Swegler Nadler, et al. v. Myung Mok Bae, et al., Civil Case No. 0452-16, *Decision and Order* (September 15, 2017) ("The Court reiterates its Order from the hearing on June 22, 2017."). Lastly, it is clear that the two hearing held on MSC's Motion for Clarification of Preliminary Injunction and Alternatively Opposition to Preliminary Injunction Against Mariana Stones Corporation and Request for Modification, directly relate to the Court's Decision and Order that is now before Supreme Court. Therefore, the Court finds that the additional transcripts are necessary for a full and complete record, and necessary for the Sweglers' defense against MSC's appeal.

Accordingly, because MSC must place in the record all the evidence necessary for a complete review of the issues presented on appeal but nevertheless failed to order the additional transcripts designated by the Swegler's, the Court GRANTS Plaintiffs-Appellees', the Sweglers', Motion for Order Requiring Appellant to Order Additional Transcripts.

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiffs-Appellees' Motion for Order Requiring Appellant to Order Additional Transcripts. Thus, the Court ORDERS MSC to order the additional transcripts designated by the Swegler's in their Designation of Additional Transcripts to be Ordered by Appellant filed on November 7, 2017.

**IT IS SO ORDERED** _____MAR 3 0 2018_____.

_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereof was placed in the court box ...
G. Concepcion, Civille + Tong
w/an + Wolff + A. Perez, L. Camacho
3/30/18 Time: 4